## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

In the Matter of the Arbitration Between,

M. A. Mortenson Company, a Minnesota
corporation,

                    Petitioner,

and

Saunders Concrete Company, Inc., a New
York corporation, and Hartford Fire
Insurance Company, a Connecticut
corporation,

                    Respondents.

Civil No. _____

**COMPLAINT AND PETITION TO
COMPEL ARBITRATION AND TO
STAY LITIGATION**

---

M. A. Mortenson Company ("Mortenson") for its Complaint and Petition

against Saunders Concrete Company, Inc. ("Saunders") and Hartford Fire

Insurance Company ("Hartford") states and alleges as follows:

1.      Mortenson submits this petition solely in order to apply to this Court

under Fed. R. Civ. P. 81(a)(6) and Sections 1–6 of the Federal Arbitration Act (9

U.S.C. § § 1–6) ("FAA") for an Order compelling arbitration of disputes between

Mortenson and Saunders and Hartford in conformance with the provisions of their

agreement and to stay related litigation filed by Saunders in New York state.

### THE PARTIES

2.      Mortenson is a Minnesota corporation with its principal place of

business in Minneapolis, Minnesota.

3.      Saunders is a New York corporation with its principal place of business in Nedrow, New York.

4.      Hartford is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

## FACTUAL BACKGROUND

5.      Prior to May 24, 2010, Mortenson entered into an Agreement with Hardscrabble Wind Power, LLC ("Owner") to perform labor and furnish material for the construction of the Hardscrabble Wind Project, consisting of 37 Wind Turbine Generators ("WTGs"), located in Herkimer County, New York (the "Project").

6.      The work on the Project involves interstate commerce.  Materials for the project have traveled across state borders.  Mortenson conducts much of the administrative work on the Project in its offices in Minnesota.  Employees of Mortenson travel across state borders to perform work on the Project and significant accounting and bookkeeping records are maintained in Minnesota.

7.      Mortenson entered into a Subcontract Agreement with Saunders effective on or about May 24, 2010 (the "Subcontract").  A copy of the Subcontract is attached hereto as *Exhibit A*.  Pursuant to the Subcontract, Saunders agreed to supply concrete for use in the construction of the Project.

8.      As surety to Saunders, Hartford provided a performance bond ("Bond") guaranteeing Saunders' faithful performance of its work pursuant to the

2

Subcontract.  A copy of the Bond is attached hereto as *Exhibit B*.  The Subcontract was expressly incorporated by reference into the Bond.

9.      Each WTG at the Project was to be mounted on a concrete foundation and pedestal, the concrete for which was to be supplied by Saunders. Pursuant to the Subcontract, Saunders was to supply concrete with a minimum 21-day compressive strength of no less than 6,000 psi for use in the pedestals of the WTG foundations.

10.     In the fall of 2010, test results revealed that the concrete supplied by Saunders was defective, in that the pedestal concrete failed to achieve the required 21-day compressive strength of 6,000 psi.

11.     As a result, Saunders commenced demolition of the pedestals for WTGs 2 and 5.  Saunders negligently performed this demolition work, resulting in property damage to other elements of the Project.

12.      Shortly thereafter, numerous other pedestals were found to have defective, under-strength concrete, and the Project Owner directed Mortenson to remove and replace concrete at 6 other WTG pedestals and to engineer and install a post-tensioned, cable-collar repair at 14 additional WTG pedestals.

13.     Saunders refused to participate in any further repair efforts and was, accordingly, declared by Mortenson to be in default under the Subcontract on or about November 12, 2010.

14.     Mortenson has expended over $4.5 million to repair the property damage and defective work of Saunders.  Mortenson also faces potential exposure

3

to the Owner of nearly $2 million in liquidated damages due to delays in Project completion caused by the property damage and defective work of Saunders.

15.     Altogether, as a result of the negligence and breach of contract by Saunders, Mortenson has incurred or is likely to incur damages in excess of $6.4 million.

16.     Following Saunders' default, Mortenson called upon Hartford, as surety for Saunders, to perform under its Bond.

17.     Hartford, to date, has failed and refused to reimburse Mortenson for any of the costs it has incurred as a result of Saunders' default, as required by its Bond.

18.     The Subcontract contains the following arbitration clause:

> 21.2  If the Contract Documents do not provide for Arbitration and if Mortenson, in its sole discretion, elects to demand arbitration with Subcontractor individually, or as part of join proceedings with Owner or others, <u>any dispute arising between Mortenson and Subcontractor under the Agreement, including breach thereof, shall be decided by Arbitration</u> in accordance with the then current Construction Industry Arbitration Rules of the American Arbitration Association.  Subject to applicable law, <u>arbitration proceedings shall be held in Minneapolis, Minnesota, or such other place as Mortenson may designate.</u>  The award rendered by the arbitrator pursuant to Paragraphs 21.1 or 21.2 shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

(Emphasis added).

19.     On March 31, 2011, Mortenson filed a Demand for Arbitration with the American Arbitration Association and asserted entitlement to damages arising from Saunders' breach of the Subcontract and Hartford's breach of the Bond.  A

4

copy of the Demand for Arbitration was provided to Saunders, Hartford, and their respective counsel on April 1, 2011, in accordance with the rules of the American Arbitration Association.

20.     Pursuant to the venue provisions within the arbitration clause, Mortenson demanded that the arbitration occur in Minneapolis, Minnesota.  A copy of the Demand for Arbitration is attached hereto as *Exhibit C.*

21.     The Demand for Arbitration involves Mortenson's claims for negligence and breach of contract arising out of Saunders' defective work on the Project.  Thus all claims to be resolved in the Demand for Arbitration are squarely within the scope of the Subcontract's arbitration clause.

22.     On April 7, 2011, Saunders breached the arbitration agreement found in the Subcontract by commencing an action in New York state court, titled *Saunders Concrete Company, Inc. v. M. A. Mortenson Company, Stork Twin City Testing, Inc., Complete Conveying Services, LLC, and HDR Engineering, Inc.*  In the lawsuit, Saunders seeks relief on issues related to the Subcontract that are squarely within the scope of the parties' arbitration agreement.  A copy of the Complaint filed by Saunders is attached hereto as *Exhibit D*.

23.     On April 8, 2011, Saunders filed a motion to stay arbitration in New York state court.   A copy of the motion filed by Saunders is attached hereto as *Exhibit E.*

24.     Mortenson is seeking to remove the New York state court action to federal court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

25.     Paragraph 21.2 of the Subcontract require all disputes between Mortenson and Saunders arising out of the Subcontract are to be resolved in arbitration between the parties.  A dispute has arisen between Mortenson and Saunders under the Subcontract and Mortenson has demanded arbitration. Saunders refuses to arbitrate.

26.     Under the broad scope of the contractual arbitration clause in the Subcontract, the arbitration between Mortenson and Saunders will extend to all issues disputed between the parties, excepting only the question of enforceability of the arbitration clause itself, which should be decided by this Court.

### JURISDICTION AND VENUE

27.     As outlined above, there is complete diversity of citizenship between Mortenson, Saunders, and Hartford.  Mortenson is a Minnesota corporation with its principal place of business in Minnesota.  Saunders is a New York corporation with its principal place of business in Nedrow, New York.  Hartford is a Connecticut corporation with its principal place of business in Hartford, Connecticut.  The amount at issue as outlined in the Demand for Arbitration exceeds $75,000.  Accordingly, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

28.     Venue and jurisdiction are appropriate in the District of Minnesota because Saunders and Hartford consented to personal jurisdiction and venue in Minnesota by agreeing to arbitrate in Minneapolis, Minnesota.  *See Dominium Austin Partners, LLC v. Emerson*, 248 F.3d 720, 725–26 (8th Cir. 2001)

6

("[A]ppellants had consented to personal jurisdiction by entering into a contract that contains a valid forum selection clause.")

29.     Venue and jurisdiction are appropriate in the District of Minnesota because the FAA provides that federal district courts may only compel arbitration in the jurisdiction in which they sit.  *See* 9 U.S.C. § 4.  *See also, Ansari v. Qwest Comm. Corp.*, 414 F.3d 1214, 1220 (10th Cir. 2005) (holding a district court can only compel arbitration when its own district has been specified for arbitration by the parties); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Palella*, 49 F.3d 323, 327 (7th Cir. 1995) (stating the FAA requires the petition to be filed in the same location as the arbitration); *Cont'l Grain Co. v. Dant & Russel, Inc.*, 118 F.2d 967, 968-69 (9th Cir. 1941) (holding the proper forum to bring an action to compel arbitration is the same state in which the arbitration will take place); *Mortenson/Meyne,* 2003 WL 23024511(same).   Since the Subcontract mandates that the arbitration hearing be heard in Minneapolis, Minnesota, and since Mortenson is moving for an order compelling arbitration in Minnesota, the jurisdictional requirements of 28 U.S.C. § 1332 are met.  Thus, this Court has jurisdiction to compel arbitration in Minnesota under the FAA and venue is proper.

## FEDERAL ARBITRATION ACT

30.     The Subcontract's arbitration clause is a written provision in a contract evidencing a transaction involving interstate commerce and is accordingly governed by the FAA.  Pursuant to 9 U.S.C. § 4, a party aggrieved by the alleged

failure, neglect, or refusal of another to arbitrate may petition any United States District Court, which would have jurisdiction under Title 28 of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

31.    Pursuant to the FAA, this Court has the authority to compel that arbitration be had in Minneapolis, Minnesota. An order compelling arbitration in Minnesota is necessary to fully effectuate Mortenson's right to arbitration under the Subcontract.

32.    Pursuant to the FAA and 28 U.S.C. § 2283, this Court has the authority to order a stay of related proceedings that involve issues that are rightly decided in arbitration. *Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720, 725-26 (8th Cir. 2001). Any proceeding in New York relating to issues arising out of the Subcontract would conflict with Mortenson's right to compel arbitration. Accordingly, an order staying the related New York action is necessary to fully effectuate Mortenson's right to arbitration under the Subcontract.

33.    Mortenson is entitled to an order of this Court compelling Saunders and Hartford to arbitrate in Minneapolis, Minnesota and to stay the related New York lawsuit.

WHEREFORE, Mortenson requests that the Court order as follows:

1.      That Saunders and Hartford proceed to arbitration with Mortenson as demanded by Mortenson in its Demand for Arbitration, with hearings to be held in Minneapolis, Minnesota.

2.      That the action commenced by Saunders in New York state be stayed pending the outcome of the arbitration involved herein.

3.      That Mortenson be awarded the costs of this Petition, including legal fees, and such other relief as the Court may deem just or equitable.

4.      That the Court retain jurisdiction pending the outcome of the arbitration involved herein.

Dated:  April 14, 2011                     FAEGRE & BENSON LLP


                                           s/James J. Hartnett IV
                                           James J. Hartnett IV, # 238624
                                           Evan A. Fetters, # 389290
                                           2200 Wells Fargo Center
                                           90 South Seventh Street
                                           Minneapolis, MN  55402-3901
                                           (612) 766-7000

                                           **Attorneys for Petitioner
                                           M. A. Mortenson Company**

fb.us.6615633.01

9