UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

M. A. Mortenson Company, a Minnesota corporation,

        Plaintiff,

v.

Saunders Concrete Company, Inc., a New York Corporation; and Hartford Fire Insurance Company, a Connecticut corporation,

        Defendants.

Civil No. 11-935 (DWF/FLN)

**ORDER**

_____

Evan A. Fetters, Esq., and James J. Hartnett, IV, Esq., Faegre & Benson LLP, counsel for Plaintiff.

Scott G. Harris, Esq., and Elizabeth C. Kramer, Esq., Leonard Street and Deinard, PA, counsel for Defendant Saunders Concrete Company, Inc.

Thomas J. Radio, Esq., Hinshaw & Culbertson LLP, and Andrew S. Kent, Esq., Wolff & Samson PC, counsel for Defendant Hartford Fire Insurance Company.

_____

This matter is before the Court on a Motion to Stay the Court's July 8 Order Pending Appeal brought by Saunders Concrete Company, Inc. ("Saunders"). (Doc. No. 48.) M. A. Mortenson Company ("Mortenson") opposes the motion. For the reasons set forth below, the Court denies Saunders' motion.

## BACKGROUND

In a Memorandum Opinion and Order dated July 8, 2011 (the "July 8 Order"), the Court granted Mortenson's motion to compel arbitration as to the claims it raised in its arbitration demand against Saunders.  (Doc. No. 45 at 15.)  The facts of this case are fully set forth in the July 8 Order, and the Court only briefly recounts and supplements the relevant facts here.  In short, Mortenson was the prime contractor hired to construct a wind turbine project in Herkimer County, New York (the "Project").  Saunders is a concrete supply business in Nedrow, New York, with whom Mortenson entered into a Subcontract Agreement.  Mortenson alleges that Saunders breached the Subcontract by defectively performing its work on the Project and declared that Saunders was in default.

On March 31, 2011, Mortenson filed a demand for arbitration, pursuant to paragraph 21.2 of the Subcontract.[1]  On April 7, 2011, Saunders commenced an action in New York state court alleging various claims against Mortenson relating to the Subcontract and the Project (the "New York Action").  On April 8, 2011, Saunders filed a motion to stay arbitration in the New York Action.  Mortenson initiated the present action on April 14, 2011 (the "Minnesota Action") and moved to compel arbitration of all claims between it and Saunders.  The New York Action was removed to federal court and stayed in deference to Mortenson's motion pending in the Minnesota Action.

---

[1] Paragraph 21.2 reads:

(Footnote Continued on Next Page)

This Court then issued the July 8 Order that Saunders now seeks to stay. In that Order, the Court granted Mortenson's motion to compel Saunders to arbitrate the claims raised in Mortenson's arbitration demand. (Doc. No. 45 at 15.) On July 14, 2011, Mortenson re-activated arbitration. On August 8, 2011, Saunders filed a Notice of Appeal of the July 8 Order. (Doc. No. 47.) Saunders now seeks to stay the arbitration order pending appeal.

## DISCUSSION

The Court considers four factors in determining whether to grant Saunders' motion to stay: (1) the likelihood of the movant's success on the merits; (2) whether the movant will be irreparably harmed absent a stay; (3) whether issuance of the stay will substantially injure the non-moving party; and (4) the public interest. *See Twin Cities*

---

(Footnote Continued From Previous Page)
> If the Contract Documents do not provide for arbitration and if Mortenson, in its sole discretion, elects to demand arbitration with Subcontractor individually, or as part of joint proceedings with Owner or others, any dispute arising between Mortenson and Subcontractor under the Agreement, including breach thereof, shall be decided by arbitration in accordance with the then current Construction Industry Arbitration Rules of the American Arbitration Association. Subject to applicable law, arbitration proceedings shall be held in Minneapolis, Minnesota, or such other place as Mortenson may designate. The award rendered by the arbitrator pursuant to Paragraphs 21.1 or 21.2 shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

(Compl. ¶ 7, Ex. A at 9.)

*Galleries, LLC v. Media Arts Group, Inc.*, 431 F. Supp. 2d 980, 983 (D. Minn. 2006). As the moving party, Saunders bears the burden to prove all four factors. *See id.*

    A.    **Success on the Merits**

The Court first considers the likelihood of success on the merits. Both parties set forth arguments regarding the likelihood of Saunders' success on appeal. In the July 8 Order, the Court concluded that Paragraph 21.2 of the Subcontract is a separate provision containing a specific agreement to arbitrate and that, as such, it is severable from the remainder of the contract. (Doc. No. 45 at 9.) The Court simultaneously rejected Saunders' argument that the Subcontract's arbitration agreement is void because a different provision of the Subcontract (Paragraph 21.4) allegedly violated a New York Lien Law. The Court explained that "only a challenge to the validity of Paragraph 21.2 is relevant to the Court's determination whether the parties' arbitration agreement is enforceable" and held that because the applicable New York Lien Law was not implicated by Paragraph 21.2, the law was inapplicable. (Doc. No. 45 at 9-10.)

Saunders now argues that the Court erred in its application of the severability doctrine in the July 8 Order. In particular, Saunders argues that all of Article 21 (including both Paragraphs 21.2 and 21.4) constitutes the parties' agreement to arbitrate, and that because Paragraph 21.4 is invalid under New York Lien Law, so is Paragraph 21.2; therefore there exists no enforceable agreement to arbitrate. Saunders further

argues that it is likely to succeed because the Court's jurisdiction is contingent upon the validity of the arbitration agreement.

Mortenson argues that Saunders cannot succeed on the merits of its appeal. In particular, Mortenson asserts that the Court correctly held that Paragraph 21.2 is the relevant arbitration clause and, in doing so, adopted a straightforward reading of the Subcontract as required by well-settled law. Mortenson also argues that, considering the liberal federal policy favoring arbitration agreements, it is not enough for Saunders to articulate a possible interpretation of the Subcontract which could result in the invalidation of the Subcontract's arbitration provision, but instead that, in order to succeed, Saunders must demonstrate that the only reasonable interpretation of the Subcontract is one in which Mortenson's claims are not arbitrable. Finally, Mortenson argues that Saunders cannot prevail on its assertion that the paragraphs under Article 21 constitute a unitary arbitration clause, that Paragraph 21.4 is void under New York law, and that Paragraph 21.4 is not severable from Paragraph 21.2 of the Subcontract.

Saunders acknowledges that there was "considerable argument" over what portions of the Subcontract constituted the agreement to arbitrate. Indeed, the Court has considered, and ruled on, this issue in the July 8 Order. As mentioned above, the Court determined that Paragraph 21.2 of the Subcontract is a separate provision containing a specific agreement to arbitrate and that the parties' agreement to arbitrate is enforceable.

For the same reasons discussed in the July 8, 2011, the Court concludes that Saunders is not likely to prevail on the merits of its appeal.

### B. Irreparable Harm

Saunders asserts that it will be irreparably harmed by being forced to defend itself against Mortenson's claims through arbitration. Saunders asserts that arbitrating this action in Minnesota (as opposed to litigating in New York) will be expensive and cites costs associated with hiring local counsel, traveling to and from Minnesota, paying for its portion of the arbitrator's time and fees, attending the arbitration hearing, and transporting evidence to Minnesota. Saunders also asserts that having a portion of its workforce in Minnesota would make them unable to perform construction work and would thereby harm the company. Finally, Saunders argues that it will be harmed because it may have to litigate its dispute with Mortenson in multiple forums: in Minnesota arbitration, through litigation in New York, and before the Eighth Circuit Court of Appeals.

The Court is unconvinced that Saunders will suffer irreparable harm absent a stay of arbitration pending appeal. The New York Action has been stayed. While the Court understands that Saunders has affirmative claims against Mortenson and others with whom there is no arbitration agreement, the Court does not find that any resulting harm caused by the maintenance of two actions justifies staying the Minnesota arbitration. Moreover, the Court is unpersuaded that the costs of arbitrating in Minnesota, pursuant to

the parties' agreement to do so, result in irreparable harm to Saunders so as to justify a stay.

For the above reasons, the Court concludes that this factor weighs against a stay.

### C. Injury to Mortenson

Mortenson asserts that it will suffer substantial financial injury if the Court grants a stay. Mortenson points out that it has alleged in its Complaint that it spent more than $4.5 million to repair defective concrete work performed by Saunders and that it will suffer great injury if forced to delay the pending arbitration. The Court agrees and finds that this factor weighs against a stay.

### D. Public Interest

According to Saunders, the public interest would be best served by staying the arbitration and thereby conserving the parties' and the arbitrator's resources. Saunders contends that the public interest further supports ensuring that the Court's orders are supported by appropriate jurisdiction. Mortenson, on the other hand, maintains that the public has an interest in enforcing agreements to arbitrate. The Court concludes that the public interest is served by enforcing the parties' agreement to arbitrate and promoting the efficient resolution of this dispute. This factor also weighs against a stay.

## CONCLUSION

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that: Saunders' Motion to Stay (Doc. No. [48]) is **DENIED**.

Dated:  December 15, 2011                     s/Donovan W. Frank
                                                      DONOVAN W. FRANK
                                                      United States District Judge